UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA COUNCIL FOR THE HEARING IMPAIRED, INC.,<br><br><br>Defendant. | CIVIL ACTION NUMBER:<br>1:13-cv-3144-CAP<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF THE ACTION

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), brings this action to compel Defendant, Georgia Council for the Hearing Impaired ("Defendant"), to comply with a Mediation Settlement Agreement reached between the Commission, Defendant and the Charging Party, Stephen Patterson, and to provide appropriate relief to Patterson. Specifically, on December 12, 2011, the Commission, Defendant, and Patterson entered into a Mediation Settlement Agreement in settlement of EEOC Charge No. 410-2012-

00417, filed by Patterson against the Defendant. The Commission alleges that Defendant breached the Mediation Settlement Agreement when it failed to abide by the terms of the agreement and, further, subjected Patterson to unlawful retaliation in violation of the ADA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.  Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.

§ 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Georgia corporation doing business in the state of Georgia and the county of Dekalb, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Stephen Patterson filed a charge with the Commission alleging violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. All conditions precedent to the institution of this lawsuit have been fulfilled.

## BREACH OF MEDIATION SETTLEMENT AGREEMENT

8. On October 31, 2011, Patterson filed Charge No. 410-2012-00417 with the Commission alleging that Defendant subjected him to discrimination based on disability.

9. After receipt of Patterson's Charge No. 410-2012-00417, Defendant voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On December 12, 2011, mediation was held in the Commission's Atlanta District Office. Stephen Patterson and a representative of Defendant were present for the mediation.

10. As a result of the mediation, the Commission, Defendant and Patterson entered into a Mediation Settlement Agreement dated December 12, 2011.

11. Paragraph E of the Mediation Settlement Agreement states, "In the event of employment verification inquiries, Respondent agrees to provide a neutral employment verification providing only dates of employment and position(s) held."

12. After finalizing the Mediation Settlement Agreement with Defendant, Patterson applied for several jobs and listed the Defendant as an employment reference.

13. Every position for which Patterson applied where he listed Defendant as a reference, he was not offered employment.

14. Patterson applied for a position with St. Mary's Health Care Hospital in Winder, Georgia in September 2012 and was called to participate in two interviews. The employer representative indicated that she would offer him a position, but stated that she would check Patterson's references prior to a formal job offer. The Defendant was listed as a reference on Patterson's application.

15. Approximately five days after the second interview, Patterson inquired with St. Mary's Health Care Hospital and was informed he would not be offered a position because he did not receive a good reference.

16. Patterson interviewed with North Georgia Regional Medical Center in or around September/October 2012. The employer indicated a desire to hire him, but Patterson was not hired after his references were consulted. The Defendant was listed as a reference on Mr. Patterson's application. This employer also informed Patterson that there was problem with his references.

17. Patterson also applied and interviewed for a position at Waffle House in the latter part of 2012. Waffle House's District Manager informed him that Faithlyn Peart, Defendant's Deputy Director, informed her in a harsh and rude tone that the Defendant would not re-hire Patterson and refused to give any other information regarding his past employment.

18. Based on Peart's reaction, Waffle House's District Manager decided not to offer Patterson a job. The Waffle House District Manager believed that the reaction from Peart signified that Patterson was a poor performer.

19. Patterson also applied for a position with the Atlanta Area School for the Deaf. He interviewed for a position in December 2012. A few weeks later, after not receiving a job offer, Patterson received an inadvertent email from the interviewer that was meant to be addressed to the employer's director. In the email, the interviewer noted that she was not sure how to tell Patterson that he did not get the job because of his references.

20. Patterson contacted the interviewer to inform her that he had received her e-mail by mistake. The interviewer apologized for the error and told Patterson, among other things, that because of some concerns about his reference, they were selecting another candidate.

6

21.     After the rejection by the Atlanta Area School for the Deaf, Patterson commissioned a "tester" to contact the Defendant to make a job reference inquiry. The tester also spoke with Faithlyn Peart who told the tester that the Defendant would not re-hire Patterson and then abruptly hung up the telephone.

22.     Defendant has repeatedly failed to abide by the terms of the Mediation Settlement Agreement, breaching the job reference provision of the agreement on repeated occasions.

23.     Pursuant to Paragraph 4 of the Mediation Settlement Agreement, the Defendant agreed that it would not engage in retaliation of any kind against any person as a result of filing Charge No. 410-2012-00417.

24.     Defendant's negative employment references to prospective employers of Patterson were a breach of the anti-retaliation provision of the Mediation Settlement Agreement.

25.     Defendant's negative employment references to prospective employers of Mr. Patterson were the proximate cause of Patterson being rejected for employment and incurring damages.

## RETALIATION

26.     On or around October 11, 2011, Patterson engaged in protected activity when he complained to a manager that the employer's conduct, contacting

his personal physician to inquire about his recent surgery, was a violation of the ADA. Two days after the complaint Patterson was terminated.

27. On October 31, 2011, Stephen Patterson engaged in protected activity when he filed Charge No. 410-2012-00417 with the Commission complaining of discrimination based on disability.

28. Defendant received notice of Charge No. 410-2012-00417 and engaged in mediation discussions relative to that charge on December 12, 2011.

29. Patterson also engaged in protected activity by participating in the Commission's mediation process on December 12, 2011.

30. Patterson filed Charge No. 410-2013-02433 with the EEOC on March 14, 2013 alleging that Defendant subjected him to unlawful retaliation under the ADA when it provided negative references to prospective employers.

31. Defendant's negative references to prospective employers regarding Patterson were reasonably calculated to prevent him from obtaining gainful employment and, in fact, did prevent him from gaining employment.

32. It was reasonably foreseeable that Defendant's negative references to prospective employers would prevent Patterson from securing employment opportunities.

33. Defendant's negative and discouraging employment references to prospective employers were in retaliation for Patterson engaging in protected activity under the ADA, in violation of 42 U.S.C. 12203(a).

34. The effects of the practices complained of in Paragraphs 26-33 have been to deprive Patterson of equal employment opportunities and, otherwise, adversely affect his status as an employee because of he engaged in protected activity.

35. The unlawful employment practices complained of in Paragraphs 26-33 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Patterson.

36. The effects of the practices complained of in paragraphs 26-33 have been to inflict emotional pain, suffering, and inconvenience upon Patterson and deprive him of the financial and other benefits of employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from violating the terms of the Mediation Settlement Agreement.

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliatory conduct in violation of the ADA.

C.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make whole Stephen Patterson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

E.  Order Defendant to make whole Stephen Patterson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including lost wages, benefits and job search expenses, in amounts to be determined at trial.

F.  Order Defendant to make whole Stephen Patterson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering,

anxiety, stress, depression, loss of enjoyment of life, damage to professional reputation and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Stephen Patterson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

Sept. 20, 2013
   Date

s/ Robert K. Dawkins
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905